UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES, and MICHAEL
J. FORDE AS EXECUTIVE SECRETARY-TREASURER,
DISTRICT COUNCIL FOR NEW YORK CITY AND V
ICINITY, UNITED BROTHERHOOD CARPENTERS
AND JOINERS OF AMERICA,

08 CV 3047 (JSR)
ECF CASE

**AFFIDAVIT OF COUNSEL**
**IN SUPPORT OF**
**DEFAULT JUDGMENT**

                                    Plaintiffs,

          -against-

S&G FLOORING, INC.,

                                    Defendant.

----------------------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

          ANDREW GRABOIS, Esq. being duly sworn, deposes and says,

          1.      I am associated with the firm of O'Dwyer & Bernstien, LLP, attorneys for

plaintiffs ("Funds") in the above captioned action.  I am familiar with all the facts and

circumstances in this action.

          2.      I submit this affidavit in support of plaintiffs' motion for default judgment against

S&G Flooring, Inc. ("Defendant"), confirming an arbitration award against the Defendant, dated

February 16, 2008.

3.    Upon information and belief Defendant is a corporation and not an infant, in the military or an incompetent.

4.    Subject matter jurisdiction of this action is based upon Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, Sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), Section 515 of ERISA, 29 U.S.C. §1145, and Section 9 of the Federal Arbitration Act, 9 U.S.C. §9.  Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

5.    Plaintiffs brought this action to compel the production of Defendant's books and records pursuant to a collective bargaining agreement ("Agreement") between the Defendant and the District Council for New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America.

6.    Defendant has failed to furnish these records for the purpose of conducting an audit to ensure compliance with required benefit fund contributions as required under the Agreement.

7.    Pursuant to the arbitration clause of the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.  Thereafter, upon due notice to all parties, the arbitrator held a hearing and rendered his award, in writing, dated February 16, 2008 determining said dispute. (A copy is annexed hereto as Exhibit "A"). Upon information and belief, a copy of the award was sent to the defendant.

8.    The arbitrator found that S&G Flooring, Inc. had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs

with any and all books and records, for the period of July 1, 2005 through February 16, 2008 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

9.     The arbitrator also found that S&G Flooring, Inc. was required to pay the funds a total sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

10.     The defendant has failed to abide by the award.

11.     The award has not been vacated or modified and no application for such relief is currently pending or has been made.

12.     Plaintiffs commenced this action on March 25, 2008 by filing a summons and complaint.  (A copy is annexed hereto as Exhibit "B").  Plaintiffs subsequently served the summons and complaint together with the Judge's rules upon Defendant by delivering two (2) true copies of the same to the Secretary of the State of New York on March 31, 2008, pursuant to Section 306(b) of New York Business Corporation Law and an affidavit of service was filed with the Court on April 9, 2008.  (A copy is annexed hereto as Exhibit "C").

13.     This action is timely as it was filed within the one year statute of limitations applicable to a petition to confirm and arbitrator's award.

14.     Defendant has failed to answer or appear or move with respect to the complaint and the time to do so has expired.  (A copy of the Clerk's Certificate is annexed hereto as Exhibit "D").

15.     Plaintiffs seek a default judgment against Defendant and in favor of plaintiffs as follows:

      a.   confirming the arbitrator's award;

      b.   ordering S&G Flooring, Inc. and its officers to make available to the

Plaintiffs or authorized representatives any and all books and records

deemed necessary to conduct an audit including, but not limited to, the cash

disbursement section of the cash book, general ledger, job location records,

daily time records and all certified payrolls for the period July 1, 2005

through February 16, 2008.

c.  awarding judgment for the plaintiffs and against Defendant in the principal

amount of $2,350.00;

d.  attorneys' fees and costs arising out of this action as determined by the

court. (An Affidavit of Services is annexed hereto as Exhibit "E" and a

proposed Default Judgment is annexed hereto as Exhibit "F");

e.  such other and further relief as this Court may deem just and proper

ANDREW GRABOIS (AG 3192)

Sworn to before me this
7th day of May, 2007

NOTARY PUBLIC

NICHOLAS HANLON
Notary Public, State of New York
No. 02HA6167368
Qualified in Westchester County
Commission Expires May 29, 2011

4

**OFFICE OF THE IMPARTIAL ARBITRATOR**
------------------------------------------X
In The Matter Of The Arbitration

       between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council          **DEFAULT**
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,            **AWARD**
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and The New York
City and Vicinity Carpenters Labor-Management
Corporation, by Michael J. Forde and Paul
O'Brien, as Trustees
              And
Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America
               (Petitioners)
    -and-

S&G FLOORING INC.
           (Employer)
------------------------------------------X
BEFORE:  Robert Herzog, Esq.


    S&G Flooring Inc. (hereinafter referred to as the "Employer")

and the District Council of New York City and Vicinity of the United

Brotherhood of Carpenters and Joiners of America, are parties to a

Collective Bargaining Agreement, dated July 01, 2006, providing for

arbitration of disputes before the undersigned Arbitrator as

Impartial Arbitrator, and in which the Employer has therein agreed,

for the duration of the agreement, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Petitioners, as beneficiaries of the Collective Bargaining Agreement, have standing before the Arbitrator. In accordance therewith, the Petitioners, by a December 7, 2007 Notice of Intention to Arbitrate, demanded arbitration. The Petitioners alleged the Employer failed to permit the Funds to conduct an audit of its books and records for the period of July 1, 2005 through to date to determine whether it is in compliance with its obligation to contribute to the Funds. A Notice of Hearing dated December 14, 2007 advised the Employer and the Petitioners that the arbitration hearing was scheduled for January 11, 2008.

The Notice of Hearing was sent to the Employer by regular and certified mail. The regular mail copy of the Notice of Hearing was not returned to sender and deemed delivered to the Employer. The certified mail copy of the Notice of Hearing was not returned as undeliverable, but was returned marked "unclaimed." United States Postal Service records indicate that notice of certified mail was left with the Employer on December 19, 2007. The Employer failed to heed the notice and the postal service declared the envelope to be unclaimed on January 10, 2008. The Employer is deemed to have received the Notice of Hearing based on the delivery of the regular mail copy and the Employer's voluntary act of not claiming the certified mail copy.

On January 11, 2008, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners.  Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made.  Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreement, was presented.  The arbitration proceeded as a Default Hearing.  Full opportunity was afforded the parties present to be heard, to offer evidence, and to examine witnesses.  The Petitioners thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the July 1, 2005 to date period, the Employer was bound to a Collective Bargaining Agreement with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.

- The Collective Bargaining Agreement obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement.

- The Collective Bargaining Agreement authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records. In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. S&G Flooring Inc. is in violation of the terms of the Collective Bargaining Agreement;

2. S&G Flooring Inc. is ordered to permit and facilitate the Funds conducting an audit of its books and records for the period of July 1, 2005 through to date to determine whether it is in compliance with its obligations to contribute to the Funds;

3. S&G Flooring Inc. shall pay to the Funds forthwith the Petitioners' counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

| | |
|---|---|
| Court Costs | $   350.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $2,350.00 |

4. S&G Flooring Inc. shall pay to the District Council Carpenters Benefit Funds the aggregate amount of two thousand three

hundred fifty dollars ($2,350.00) with interest to accrue at
the rate of 10% from the date of this Award.

Robert Herzog
Arbitrator

Dated: February 16, 2008

State of New York  )
County of Rockland )


    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator
that I am the individual described in and who executed this
instrument, which is my Award.

Robert Herzog
Arbitrator

Dated: February 16, 2008


To:  S&G Flooring Inc.
     Attn: Mr. Stephen Drago, President
     4714 32nd Place
     Long Island City, New York 11101

     Steven Kasarda, Esq.
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE RAKOFF**

-------------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA FUND and THE NEW YORK CITY
AND VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION, by MICHAEL J. FORDE, and PAUL
O'BRIEN, as TRUSTEES, and MICHAEL J. FORDE, as
EXECUTIVE SECRETARY-TREASURER, DISTRICT
COUNCIL FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA,

**08  CV  3047**

08 CV_____

**SUMMONS**

Plaintiffs,

-against-

S&G FLOORING, INC.,

Defendant.

-------------------------------------------------------------------------X

TO:    S&G Flooring Inc.
       4714 32nd Place
       Long Island City, NY 11101

**YOU ARE HEREBY SUMMONED** and required to file with the clerk of this court and serve upon

O'DWYER & BERNSTIEN, LLP
52 Duane Street
New York, New York 10007
(212) 571-7100

an answer to the complaint which is herewith served upon you, within **30 days** after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint.

J. MICHAEL McMAHON
CLERK

MAR 2 5 2008
_____
DATE

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA FUND and
THE NEW YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE, as EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

JUDGE RAKOFF

08 CV 3047

**COMPLAINT**



                                                   Plaintiffs,

          -against-

S&G FLOORING, INC.,

                                                  Defendant.

-----------------------------------------------------------------------------X

       Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their

Complaint allege as follows:

### NATURE OF THE CASE

       1.     This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

S&G Flooring, Inc. ("Employer").

**JURISDICTION**

2.       This Court has jurisdiction over this proceeding pursuant to section 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1),

(e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

§§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of

the Federal Arbitration Act, 9 U.S.C. §9.

3.       Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C.

§1132(e)(2).

**VENUE**

4.       Venue is proper in this district in that Plaintiffs' offices are located in this district.

**PARTIES**

5.       At all times relevant herein the Plaintiffs were jointly administered, multi-

employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by

employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C.

§186(c)(5).  Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning

of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.       The Benefit Funds are employee benefit plans within the meaning of sections 3(1)

and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing

health, medical and related welfare benefits, pension and other benefits to eligible participants

and beneficiaries on whose behalf they receive contributions from numerous employers pursuant

to collective bargaining agreements between the employers and the Union.

7.       Upon information and belief defendant is a domestic corporation incorporated

under laws of the State of New York with a principal place of business located at 4714 32nd

Place, Long Island City, NY 11101.

      8.     The defendant is an employer within the meaning of section 3(5) of ERISA, 29

U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

      9.     Defendant was bound at all relevant times by a collective bargaining agreement

with the Union, which, by its terms, became effective July 1, 2006. Said Agreement provides,

inter alia, that the defendant shall furnish its books and payroll records when requested by the

Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit

fund contributions and for the submission of disputes to final, binding arbitration.

      10.    A dispute arose during the period of the Agreement between the parties when the

Employer failed to comply with the Benefit Funds' demands to furnish its books and records for

the purpose of conducting an audit.

      11.    Pursuant to the arbitration clause in the Agreement, the dispute was submitted to

arbitration to Robert Herzog, the duly designated impartial arbitrator.

      12.    Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and

rendered his award, in writing, dated February 16, 2008 determining said dispute. Upon

information and belief, a copy of the award was delivered to the defendant (A copy of the award

is annexed hereto as Exhibit "A" and made part hereof).

      13.    The arbitrator found that defendant had failed to comply with the Agreement as it

relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all

books and records, for the period of July 1, 2005 through February 16, 2008 including but not

limited to, the cash disbursement section of the cash book, general ledger, job location records,

daily time records and all certified payrolls.

3

14.     The arbitrator also found that defendant was required to pay the funds a sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15.     The defendant has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.      For an order confirming the arbitration award in all respects;

2.      For entry of judgment in favor of the Plaintiffs ordering defendant and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period July 1, 2005 through February 16, 2008.

3.      For entry of judgment in favor of the Benefit Funds and against S&G Flooring, Inc. ordering defendant to pay the Benefit Funds a total sum of $2,350.00 with interest to accrue at the rate of 10% from the date of the award, pursuant to the arbitrator's award.

4.      For attorneys' fees and costs of this action;

5.      For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
        March 24, 2008


ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

4

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index #  08 cv 3047                                     Purchased/Filed: March 25, 2008

STATE OF NEW YORK        UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT

---

*The New York City District Council of Carpenters Pension Fund, et al*                Plaintiff

against

*S&G Flooring, Inc.*                                                        Defendant

---

STATE OF NEW YORK
COUNTY OF ALBANY              SS.:

_____ Jessica  Miller _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ March 31, 2008 _____ , at __ 2:00pm __ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint with Exhibits and Judges Rules

on

_____ S&G Flooring, Inc. _____ , the

Defendant in this action, by delivering to and leaving with _____ Chad Matice _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, __ 2 __ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of __ 40 __ dollars; That said service

was made pursuant to Section __ 306 Business Corporation Law __ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: __ 28 __    Approx. Wt: __ 200 __    Approx. Ht: __ 6'0" __

Color of skin: __ White __    Hair color: __ Brown __    Sex: __ M __    Other: _____

Sworn to before me on this

__ 2nd __ day of _____ April, 2008 _____

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

Jessica Miller

Invoice•Work Order # SP0803185

*SERVICO. INC. - PO BOX 871 - ALBANY. NEW YORK 12201 - PH 518-463-4179*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES and MICHAEL J. FORDE, as EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR
NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS
OF AMERICA,

08 CV 3047 (JSR)
ECF CASE

**CLERKS
CERTIFICATE**

                       Plaintiffs,

      -against-

S&G FLOORING, INC.,

                       Defendant.
-------------------------------------------------------------------X

      I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of

New York, do hereby certify that this action commenced on March 25, 2008 by filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendant, S&G Flooring,

Inc. on March 31, 2008, by delivering two (2) true copies thereof to Chad Matice, an authorized clerk in the

Office of the Secretary of State of the State of New York, and proof of service being filed on April 9, 2008.

      I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise

moved with respect to complaint herein.  The default of the defendant is hereby noted.

Dated: ___May 7, 2008___
       New York, New York

                           **J. MICHAEL MCMAHON**
                             Clerk of the Court

                  By: _____
                             Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS
LABOR MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE and PAUL O'BRIEN,
as TRUSTEES, and MICHAEL J. FORDE AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR
NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD CARPENTERS AND JOINERS
OF AMERICA,

08 CV 3047 (JSR)
ECF CASE

**AFFIDAVIT OF**
**SERVICES**

                                        Plaintiffs,

                    -against-

S&G FLOORING, INC.,

                                        Defendant.
------------------------------------------------------------------------X
STATE OF NEW YORK          )
                           :SS.:
COUNTY OF NEW YORK         )


ANDREW GRABOIS, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and am associated with the firm of O'Dwyer &

Bernstien, LLP, attorneys for plaintiffs herein and submit this affidavit in support of the instant

application for default judgment and order.

2. On March 24, 2008, Rich Gage, a paralegal in this office, drafted a complaint, cover sheet and other required documents. He spent 0.5 hours on this matter at a billing rate of $125.00 per hour for a total of $62.50 in attorneys' fees.

3. On March 24, 2008, your deponent reviewed and finalized the aforementioned documents. I spent 0.5 hours at a billing rate of $350.00 per hour for a total of $175.00 in attorneys' fees.

4. On March 25, 2008, Mr. Gage prepared and filed the aforementioned documents with the Clerk of the Court. He spent 1.0 hour at a billing rate of $125.00 per hour for a total of $125.00 in attorneys' fees.

5. On March 25, 2008, Mr. Gage prepared and filed the aforementioned documents on the Electronic Case Filing system. He spent 0.5 hours at a billing rate of $125.00 per hour for a total of $62.50 in attorneys' fees.

6. On March 28, 2008, Mr. Gage prepared and mailed the aforementioned documents for service of process. He spent 0.5 hours on this matter at a billing rate of $125.00 per hour for a total of $62.50 in attorneys' fees.

7. On April 9, 2008, Ian Henderson, a paralegal in this office, prepared and filed the affidavit of service on the ECF system and with the Clerk of the Court. He spent 0.5 hours on this matter at a billing rate of $200.00 per hour for a total of $100.00 in attorneys' fees.

8. On May 6, 2008 and May 7, 2008, Mr. Henderson drafted the required default documents, including a proposed default judgment and order and affidavit of services rendered. He spent 4.0 hours on this matter at a billing rate of $200.00 per hour for a total of $800.00 in attorneys' fees.

9. On May 7, 2008, your deponent reviewed and finalized the aforementioned default documents. I spent 0.5 hours on this matter at a billing rate of $350.00 per hour for a total of $175.00 in attorneys' fees.

10. The cost of the process server to effectuate service of process was $60.00.

WHEREFORE, deponent respectfully requests allowance of attorneys' fees in the sum of $1,562.50 and costs arising out of this action in the amount of $60.00 for a total of $1,567.50.

_____
ANDREW GRABOIS (AG 3192)

Sworn to before me this
7th day of May, 2008

_____
NOTARY PUBLIC
NICHOLAS HANLON
Notary Public, State of New York
No. 02HA6167368
Qualified in Westchester County
Commission Expires May 29, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS WELFARE FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
VACATION FUND, NEW YORK CITY                          08 CV 3047 (JSR)
DISTRICT COUNCIL OF CARPENTERS                        ECF CASE
ANNUITY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL                    **DEFAULT JUDGMENT**
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT
COOPERATION FUND, by MICHAEL J. FORDE
and PAUL O'BRIEN, as TRUSTEES, and MICHAEL J.
FORDE AS EXECUTIVE SECRETARY-TREASURER,
DISTRICT COUNCIL FOR NEW YORK CITY AND
VICINITY, UNITED BROTHERHOOD CARPENTERS
AND JOINERS OF AMERICA,

                                    Plaintiffs,

             -against-

S&G FLOORING, INC.,

                                    Defendant.
----------------------------------------------------------------------X

This action having been commenced on March 25, 2008 by the filing of a Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendant S&G

Flooring, Inc. on March 31, 2008 by delivering two (2) true copies of the same to the Secretary of the

State of New York, pursuant to Section 306(b) of New York Business Corporation Law, and a proof of

service having been filed on April 9, 2008 and the defendant not having answered the Complaint, and

the time for answering the Complaint having expired, and the Clerk of the Court having issued its

certificate of default on May 7, 2008, it is

ORDERED, ADJUDGED AND DECREED: That the Plaintiffs have judgment against

Defendant, pursuant to the arbitration award, in the liquidated amount of $2,350.00, representing costs

and fees arising out of the arbitration, in addition to attorneys' fees and costs arising out of this action

in the amount of $1,567.50 for a total of $3,917.50 and that S&G Flooring, Inc. and its officers are

ordered to produce any and all books and records relating to S&G Flooring, Inc. for the period of July

1, 2005 through February 16, 2008.


Dated: _____
       New York, New York


                              _____
                              Honorable Jed S. Rakoff
                              United States District Judge

                              This document was entered on the docket
                              on _____.

STATE OF NEW YORK      )
                                        :SS.:
COUNTY OF NEW YORK   )

IAN K. HENDERSON, being duly sworn, deposes and says:  I am not a party to the action, am over 18 years of age and reside in Brooklyn, New York.  On the 7th day of May, 2008, I served plaintiffs' **NOTICE OF MOTION and SUPPORTING DOCUMENTATION** to the following party by depositing a true copy thereof in a post-paid wrapper, in an official depository, under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following person at the last known address set forth after the name below:

TO:    S&G Flooring, Inc.
        4714 32nd Place
        Long Island City, NY 11101

IAN K. HENDERSON

Sworn to before me this
7th day of May, 2008

NOTARY PUBLIC

ANDREW GRABOIS
Notary Public, State of New York
No. 02GR6127051
Qualified in New York County
Commission Expires May 23, 20 09